MARVIN, Judge,
dissenting.
In this election contest reduced to its simplest facts, the losing candidate alleged and proved that at least 25 unqualified voters were allowed to vote in the election which he lost by only 24 votes.
LRS 18:1432(A)(3), in my opinion, should be literally applied to order a new election for the office in question where
“... the number of unqualified voters ... [is] sufficient to change the result of the election if they had not been allowed to vote.”
The number of unqualified voters (at least 25 and perhaps as many as 73) was sufficient to change the result where the winning margin is less than 25 votes.
I cannot conceive that the Legislature, by this language adopted in 1980, meant to imply that the losing candidate must additionally prove how the unqualified voters actually voted. The statute speaks only of the number of unqualified voters who voted, not how they voted. This unconditional statutory expression should prevail over pronouncements of cases which did not squarely consider the issue, whether before or after the 1980 legislation.
I respectfully dissent from the majority’s holding that the losing candidate must show but for those unqualified votes he would have won the election.